IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

KEVIN CORREA,
    Plaintiff,

v.                                                              Civil No. 3:23-cv-00578 (MRC)

CALIBER BODYWORKS OF VIRGINIA, LLC,
d/b/a Caliber Collision Center, *et al.*,
    Defendants.

## MEMORANDUM OPINION

This matter is before the Court on Plaintiff's Motion for Leave to File Second Amended Complaint to Join Parties and to Remand to State Court (the "Motion for Leave"). (ECF No. 24.) For the reasons set forth below, the Motion (ECF No. 24) is hereby GRANTED. An appropriate Order REMANDING this matter to state court will accompany this Memorandum Opinion.

### I. BACKGROUND

#### A.    Factual Background.

In the operative Amended Complaint, Plaintiff alleges that, at the times relevant in this case, Defendant Caliber Bodyworks of Virginia, LLC, d/b/a Caliber Collision Center ("Caliber") was the owner and operator of a collision repair center located at 3245 Boulevard in Colonial Heights, Virginia. (ECF No. 13 ¶ 1.) Plaintiff alleges Caliber was in possession and control of the building, parking lot, equipment, and premises and maintained the premises through its employees and/or agents. (*Id.* ¶ 2.) Plaintiff also alleges that current Defendant C. Co. Crain Highway, LLC ("Crain") was the owner of the property where Caliber conducted business. (*Id.* ¶ 3.) On or about January 11, 2022, Plaintiff states that he was lawfully on the premises as a business invitee to service the trash container. (*Id.* ¶ 4.) Plaintiff alleges that Crain, as property owner, and Caliber, as occupier of the property, had duties to maintain the property in a reasonably safe condition,

1

make reasonable inspections, avoid creating hazardous conditions, remedy any hazards, warn invitees of hazards they were aware of or reasonably should have been aware of, and use ordinary care and diligence to keep the property reasonably safe. (*Id.* ¶ 5.) Plaintiff contends that, despite these duties, each Defendant allowed water or another substance to accumulate and freeze on a surface within the property, failed to place any warning signs or markings in the area, failed to remove the accumulated water, failed to inspect the property in a reasonable manner, and failed to implement procedures to eliminate or reduce such hazards. (*Id.* ¶ 6.) Plaintiff alleges that, as a direct and proximate result of Defendants' negligent acts or omissions, Plaintiff was caused to fall and sustained serious bodily injuries on the premises. (*Id.* ¶ 7.) Plaintiff states he was exercising reasonable care and the hazard was not reasonably obvious or apparent to someone in his circumstances. (*Id.* ¶¶ 8-9.) Plaintiff demands judgment against Defendants, jointly and severally, for $325,000, to account for his resulting serious bodily injuries, pain and mental anguish, humiliation and embarrassment, inconvenience, medical expenses, and interference with work and daily activities. (*Id.* ¶ 10.)

      **B.**     **Procedural History.**

Plaintiff originally filed suit against Caliber in the Circuit Court of Henrico County on or about July 28, 2023. (ECF No. 1-1.) Caliber was served with a copy of the Complaint on August 10, 2023 and filed an Answer on August 31, 2023. (ECF No. 1-2.) Caliber then filed a Notice of Removal to this Court based on diversity jurisdiction on September 11, 2023. (ECF No. 1.) On October 13, 2023, the Honorable Senior United States District Judge Robert E. Payne granted Plaintiff's Motion for Leave to Amend Complaint. (ECF No. 12.) Plaintiff's Amended Complaint, which added Crain as a Defendant, was filed on October 16, 2023. (ECF No. 13.) Upon the consent of the parties, this matter was reassigned to the undersigned on October 23, 2023. (ECF No. 19.)

An initial pretrial conference was scheduled (ECF No. 20) but then continued generally (ECF No. 23) to allow Crain to retain counsel and file responsive pleadings.

On November 15, 2023, Plaintiff filed the Motion for Leave, seeking leave to file a Second Amended Complaint that would substitute CC Colonial Heights VA, LLC ("Colonial Heights") for Crain as a Defendant. (ECF No. 24.) Plaintiff also filed a Brief in Support of the Motion. (ECF No. 25.) Caliber responded with an Opposition brief on November 29, 2023. (ECF No. 27.) Plaintiff filed a Reply on December 4, 2023. (ECF No. 28.) This matter is now ripe for Court resolution.

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 15, a plaintiff may amend a complaint "once as a matter of course." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* The Fourth Circuit "liberally allow[s] amendment in keeping with the spirit of Federal Rule of Civil Procedure 15(a)." *Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010). "Leave to amend 'should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile.'" *Stacy v. Jennmar Corp. of Va., Inc.*, 342 F.R.D. 215, 220 (W.D. Va. 2022) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999)).

Federal courts have jurisdiction over cases arising under diversity of citizenship. 28 U.S.C. § 1332. Such jurisdiction requires the parties to be completely diverse, such that every plaintiff must be a citizen of a different state than every defendant. *Id.*; *see also Hoschar v. Appalachian Power Co.*, 739 F.3d 163, 170 (4th Cir. 2014) (citing *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996)). However, if a plaintiff seeks to amend a complaint to join a nondiverse defendant after a

case has been removed to federal court, the court must satisfy 28 U.S.C. § 1447(e), which provides two possible courses of action: "[T]he court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e); *see also Mayes v. Rapoport*, 198 F.3d 457, 462 (4th Cir. 1999); *Dean v. Walmart, Inc.*, 2021 WL 3008596, at *2 (E.D. Va. Jul. 15, 2021).

Section 1447(e) provides courts with discretion to determine whether joinder should apply. *Mayes*, 198 F.3d at 462. Courts consider the following "*Mayes* factors" to determine whether joinder and remand are appropriate: (1) "the extent to which the purpose of the amendment is to defeat federal jurisdiction"; (2) "whether the plaintiff has been dilatory in asking for amendment"; (3) "whether the plaintiff will be significantly injured if amendment is not allowed"; and (4) "any other factors bearing on the equities." *Id.* (citing *Gum v. Gen. Elec. Co.*, 5. F. Supp. 2d 412, 414 (S.D. W. Va. 1998) (quoting *Coley v. Dragon Ltd.*, 138 F.R.D. 460, 465 (E.D. Va. 1990))). The court must "balance the equities in deciding whether the plaintiff should be permitted to join a nondiverse defendant." *Id.* at 463. "Careful scrutiny of attempts at post-removal, non-diverse joinder protects the diverse defendant's 'interest in keeping the action in federal court.'" *Id.* (citing *Coley*, 138 F.R.D. at 465 (citations omitted)); *see also Jones v. Target Store Inc.*, 2009 WL 1209034, at *2 (E.D. Va. May 1, 2009) ("[A] defendant's right to remove to federal court has been held to be just as important as the plaintiff's choice in forum when filing the original complaint.") (citation omitted). Courts should also contemplate "the danger of parallel lawsuits in federal and state court, which may spawn inconsistent results and inefficient use of judicial resources." *Coley*, 138 F.R.D. at 465 (citation omitted).

### III. ANALYSIS

In the Motion for Leave, Plaintiff seeks leave to file a Second Amended Complaint that would substitute Colonial Heights, the owner of the property at the time of Plaintiff's January 11,

2022 fall, for Crain, the current owner of the property. (ECF No. 25, at 2.) Plaintiff is a Virginia resident. (ECF No. 1, at 2.) Caliber, a limited liability company incorporated under the laws of Delaware and with a principal place of business in Texas, is a diverse defendant. (*Id.*) Crain, a limited liability company organized and existing under the laws of Maryland, is also a diverse defendant. (ECF No. 25, at 2.) The parties do not dispute that Colonial Heights, a limited liability company organized and existing under the laws of Virginia, would be a nondiverse defendant. (*Id.*) If joined as a defendant and substituted for Crain, Colonial Heights would defeat diversity jurisdiction, leaving the Court no option but to remand the matter to state court. 28 U.S.C. § 1447(e).

Plaintiff argues that justice requires leave to amend under these circumstances because amending the Complaint to substitute Colonial Heights would not be futile, would not prejudice the other Defendants, and would not be conducted in bad faith. (ECF No. 25, at 2-7.) Plaintiff further asserts that joinder and remand are proper because (1) the purpose of the amendment is not to defeat federal jurisdiction, (2) Plaintiff has not been dilatory in asking for the amendment, (3) Plaintiff will be significantly injured if the amendment is not allowed, and (4) the equities of the situation favor amendment and remand. (*Id.* at 9-11; *see also* ECF No. 28.) Caliber counters that the Motion should be denied because (1) the purpose of the Motion is to defeat jurisdiction, (2) Plaintiff has been dilatory, (3) Plaintiff will not be significantly injured if Colonial Heights is not added, and (4) factors bearing on the equities support denial. (ECF No. 27, at 4.) Upon review of the relevant statutes and case law, and applying the *Mayes* factors, this Court finds that: (1) justice requires granting leave to amend; and (2) joinder of Colonial Heights and remand to state court are appropriate.

### A. Justice Requires Leave to Amend.

In this case, Plaintiff already sought and obtained leave to amend his original Complaint to add Crain as a Defendant. (ECF No. 12.) The Amended Complaint was filed on October 16, 2023. (ECF No. 13.) Plaintiff now again seeks leave to amend, this time to substitute Colonial Heights for Crain as a Defendant. (ECF No. 24.) Caliber opposes Plaintiff's Motion, and therefore the amendment is only allowed with "the court's leave." Fed. R. Civ. P. 15(a)(2). Plaintiff asserts that his amendment is not futile, is not prejudicial, and is not made in bad faith. (ECF No. 25, at 2-7.) Caliber does not specifically contend that the amendment is futile or made in bad faith, however it does assert that the *Mayes* factors support a finding that amendment and remand would be improper. (ECF No. 27, at 3-4.)

Given the highly permissive standard of Federal Rule of Civil Procedure 15(a)(2), which states that courts "should freely give leave when justice so requires," this Court determines as an initial matter that leave to amend is appropriate as it would not be futile, prejudicial, or made in bad faith. Fed. R. Civ. P. 15(a)(2). "Amendment is futile when it 'is clearly insufficient or frivolous on its face.'" *Stacy v. Jennmar Corp. of Va., Inc.*, 342 F.R.D. 215, 220 (W.D. Va. 2022) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986)). A futile amendment is one that would "nonetheless fail to state a claim upon which relief could be granted." *In re Xe Servs. Alien Tort Litig.*, 665 F. Supp. 2d 569, 592 (E.D. Va. 2009). Here, there is nothing to suggest that an amendment to substitute Colonial Heights for Crain as a Defendant would be frivolous or fail to state a claim. As Plaintiff notes, the claim against Colonial Heights would also not be time-barred. (*See* ECF No. 25, at 3-4.) Furthermore, as discussed in further detail below, even though Caliber was the tenant of the property where Plaintiff fell, Colonial Heights may be liable for Plaintiff's injuries as the landowner of the property at the time of the fall. *See infra* Part III.B.

Prejudice to opposing parties can arise under certain circumstances, such as when an amendment "raises a new legal theory" or "is offered shortly before or during trial." *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006). Here, Plaintiff does not propose a new theory, but rather simply seeks to substitute Colonial Heights, the owner of the property at the time of his fall, for Crain, the current owner of the property. The allegations and legal theories otherwise remain the same under the proposed amendment. Timing is further addressed below, but Caliber and Crain are not prejudiced by an amendment at this early stage in the litigation, shortly after removal and before a pretrial conference has even been held. *See infra* Part III.B. With discovery yet to begin and no pretrial deadlines set, the Court cannot find that Plaintiff is seeking to "surprise" Defendants with new allegations that change the nature of the suit late in the litigation process.

Lastly, the Court does not find any bad faith or improper purpose in Plaintiff's proposed amendment. Substitution of Colonial Heights for Crain would not "artificially inflate . . . damages", *Peamon v. Verizon Corp.*, 581 F. App'x 291, 292 (4th Cir. 2014), and does not follow a pattern of "pleading failures," *United States ex rel. Nathan v. Takeda Pharm. N. Am., Inc.*, 707 F.3d 451, 461 (4th Cir. 2013). Colonial Heights was the landowner of the property where Plaintiff fell on January 11, 2022, not Crain, and amendment to substitute Colonial Heights does nothing to change the damages or allegations. Plaintiff obtained leave to amend from Judge Payne in October 2023 to add Crain, who Plaintiff believed to be the landowner at the time of his fall. (ECF No. 12.) This second amendment, sought one month after filing of the Amended Complaint, seeks to add the proper party and does not suggest a pattern of amending to overcome "pleading failures."

Therefore, under the highly permissive standard of Federal Rule of Civil Procedure 15(a)(2), this Court determines as an initial matter that granting leave to amend is appropriate as it would not be futile, prejudicial, or made in bad faith.

### B. Application of the *Mayes* Factors Supports Joinder and Remand.

#### 1. Extent to Which Purpose Is to Defeat Diversity Jurisdiction.

When a plaintiff seeks leave to amend to add a nondiverse defendant "immediately after removal but before any additional discovery has taken place, district courts should be wary that the amendment sought is for the specific purpose of avoiding federal jurisdiction." *Mayes v. Rapoport*, 198 F.3d 457, 463 (4th Cir. 1999). "Careful scrutiny of attempts at post-removal, non-diverse joinder protects the diverse defendant's 'interest in keeping the action in federal court.'" *Id.* (quoting *Coley v. Dragon Ltd.*, 138 F.R.D. 460, 465 (E.D. Va. 1990)). Federal courts must be wary of "forum shopping" tactics designed to avoid their jurisdiction. *McCaulley v. Purdue Pharma, L.P.*, 172 F. Supp. 2d 803, 806-07 (W.D. Va. 2001). However, nondiverse defendants have been added after removal in certain instances, such as "when the plaintiff could not have identified all the defendants without discovery" or "when the plaintiff files two separate actions in the same state court and one is removed to federal court." *Whitfield v. Phillips*, 2022 WL 2392465, at *3 (E.D. Va. July 1, 2022).

Caliber argues that the record demonstrates that Plaintiff seeks leave for his amendment to defeat federal jurisdiction. (ECF No. 27, at 5.) In support of this, Caliber asserts that "[n]o discovery responses have been issued" in the suit and therefore Plaintiff "could have easily identified Colonial Heights as the owner of the property at the time of the incident prior to removal." (*Id.*) Caliber also contends that the absence of any separate state court action against Colonial Heights demonstrates that the purpose of Plaintiff's Motion for Leave is solely to defeat federal jurisdiction. (*Id.*)

Plaintiff argues that his sole purpose is to replace "an entity who Plaintiff now knows was not responsible for the Property at the time of his fall . . . with another entity who Plaintiff now

8

knows was responsible for the Property at the time of his fall." (ECF No. 25, at 10.) Plaintiff contends that he "merely wants to hold the appropriate parties responsible for the injuries they caused" and there is "nothing nefarious" about the substitution. (*Id.*) In response to Caliber's assertion that Plaintiff could have easily identified Colonial Heights as the proper owner prior to removal of the case, Plaintiff contends that he only learned about Colonial Heights after he served Crain with process and learned from Crain's counsel on November 3, 2023 that Crain did not acquire the property until March 11, 2022, two months after the fall. (*Id.*; ECF No. 28, at 2.) Plaintiff asserts that, given the short period between the fall on January 11, 2022 and the ownership transfer on March 11, 2022, "it is understandable how and why Plaintiff mistakenly believed Crain Highway owned the Property at the time of Plaintiff's fall." (*Id.*) Lastly, Plaintiff contends that substituting Colonial Heights for Crain will save time and resources since the same facts and evidence would be at issue if separate suits were required. (ECF No. 25, at 10.)

The Court appreciates Caliber's strong interest in keeping this case in federal court. However, the Court does not find that Plaintiff's purpose for substituting Colonial Heights is to defeat federal jurisdiction. Plaintiff originally filed suit against Caliber in the Circuit Court of Henrico County on or about July 28, 2023. (ECF No. 1-1.) The case was then removed to this Court on September 11, 2023. (ECF No. 1.) Plaintiff was granted leave and filed an Amended Complaint on October 16, 2023 (ECF No. 13), adding Crain as a Defendant after he discovered Crain owned the property when Caliber denied ownership. (*See* ECF No. 28, at 2.) At that time, diversity jurisdiction remained intact as Crain is a Maryland citizen. Only after serving Crain with process did Plaintiff learn that Colonial Heights, not Crain, was the actual owner of the premises at the time of the January 11, 2022 fall. (*Id.*) Upon learning this, Plaintiff filed the Motion for Leave on November 15, 2023. (ECF No. 24.)

While joinder of Colonial Heights defeats diversity jurisdiction, this Court does not find that Plaintiff's purpose in seeking leave to amend is to forum shop and avoid federal court. *See Mayes*, 198 F.3d at 463; *McCaulley*, 172 F. Supp. 2d at 807. Caliber's contention that Plaintiff seeks to amend solely to remand this case is belied by Plaintiff's joinder of Crain, a diverse party, just one month before the filing of this Motion for Leave. (*See* ECF No. 13.) In this personal injury suit, the owner of the premises where Plaintiff's fall occurred would be a relevant entity potentially responsible for any damages sustained. As of October 16, 2023, Plaintiff believed that owner to be Crain and he filed his Amended Complaint to add Crain as a Defendant. Only after serving Crain did Plaintiff learn, on November 3, 2023, that Colonial Heights was the owner at the time of his fall on January 11, 2022. (ECF No. 25, at 10.) Plaintiff's desire to sue the proper party that owned the premises where he sustained his fall cannot be cast aside merely because substituting that proper party would defeat federal jurisdiction. Therefore, this Court finds that the first *Mayes* factor favors granting leave to amend because Plaintiff's purpose in substituting the nondiverse Colonial Heights for the diverse Crain is not solely to defeat federal jurisdiction.

### 2. Whether Plaintiff Has Been Dilatory in Asking for Amendment.

The timing of a plaintiff's motion to amend is another key factor in assessing whether amendment shall be granted. *See Tucker v. Massage Envy Franchising, LLC*, 584 F. Supp. 3d 174, 178 (E.D. Va. 2022) (plaintiffs moved to amend "within a month of removal to federal court" which "weigh[ed] firmly in favor of permitting" amendment).

Caliber argues Plaintiff has been dilatory "because he willfully ignored Colonial Heights' existence" and "has not provided any reason explaining why he could not identify Colonial Heights until November 2023." (ECF No. 27, at 6.) Caliber contends that Plaintiff did not need discovery to identify Colonial Heights and he made no effort to identify Colonial Heights until after Caliber

removed the matter. (*Id.*) Caliber further asserts that *Tucker* provides Plaintiff no support because, in that case, the plaintiff had already named the added defendants in his state court action before removal, while here Plaintiff had not named either Colonial Heights or Crain before the case was removed. *See Tucker*, 584 F. Supp. 3d at 178. Further, Caliber argues that Plaintiff's substitution of Colonial Heights for the "mistakenly named" Crain is improper because no attempt to add any landlord or owner of the property was made until after the case was removed. (ECF No. 27, at 6-7.) Plaintiff contends that he only learned of Colonial Heights' previous ownership of the property on November 3, 2023 and filed his Motion for Leave less than two weeks later. (ECF No. 25, at 10.) Further, Plaintiff asserts that Caliber's focus on *Tucker* is a "distinction without a difference" since he sought to fix his mistake within twelve days of discovering the appropriate entity. (ECF No. 28, at 3.) Plaintiff argues that Caliber "makes the unjustified and illogical assumption that Plaintiff's mistake is evidence of Plaintiff's intent." (*Id.*)

As discussed above, Plaintiff's suit was originally filed in state court on July 28, 2023. (ECF No. 1-1.) Caliber removed the matter to this Court on September 11, 2023 (ECF No. 1), and just over a month later Plaintiff filed an Amended Complaint on October 16, 2023, adding Crain as a Defendant (ECF No. 13). Plaintiff then learned from Crain, on November 3, 2023, that it was not the property owner at the time of Plaintiff's January 11, 2022 fall. Twelve days later, Plaintiff filed this Motion for Leave to substitute Colonial Heights, the property owner on January 11, 2022, for Crain. (ECF No. 24.) The Court finds that Plaintiff was not dilatory in seeking this amendment. While Plaintiff could have discovered the property owner before the case was removed, or even before the state suit was filed, Plaintiff believed that Caliber had owned the premises until after removal, when Caliber denied ownership. (ECF No. 28, at 2.) Plaintiff then researched the matter and added Crain as a party on October 16, 2023 after discovering it was the current property owner.

11

Only after serving Crain did Plaintiff learn that Colonial Heights was the owner on January 11, 2022. The short period of time between the fall on January 11, 2022 and the transfer in property ownership from Colonial Heights to Crain on March 11, 2022 supports Plaintiff's mistaken belief that Crain was the proper party. Filing the Motion for Leave promptly, within twelve days of the discovery of Colonial Heights, contradicts any contention that Plaintiff intended to cause delay of the matter. Thus, the second *Mayes* factor also supports amendment and remand of this case.

### 3. Whether Plaintiff Will Be Significantly Injured if Amendment Is Not Allowed.

Under the third *Mayes* factor, amendment is favored when "all parties with an interest in [a] case can be brought into the same suit and avoid the costs of litigating two cases in tandem and the risks of inconsistent judgments." *Tucker*, 584 F. Supp. 3d at 178. When parallel suits proceed in federal and state court, "inconsistent results and inefficient use of judicial resources" often follow. *Mayes*, 198 F.3d at 463.

Caliber argues that Plaintiff ignores Virginia common law, which holds that a landlord has no duty to maintain part of a leased premises under a tenant's exclusive control. (ECF No. 27, at 7) (citing *Isbell v. Com. Inv. Assocs., Inc.*, 644 S.E.2d 72, 74 (Va. 2007)). Caliber contends that Plaintiff will not be significantly injured if Colonial Heights is not joined because, under the lease agreement, the alleged ice issue belonged to Caliber, the tenant, not Colonial Heights, the landlord. (*Id.* at 8.) Caliber also asserts that courts will not automatically join a nondiverse party just because a plaintiff has an actionable claim against that party. (*Id.* at 7.) Caliber cites to *McCaulley*, where the Western District of Virginia declined to join a nondiverse defendant because only one of five plaintiffs had a claim against that party, which was also insolvent. *See McCaulley*, 172 F. Supp. 2d at 810. Caliber also cites *Jones v. Target Store Inc.* from this Court, where a nondiverse employee was not joined because the diverse corporate "deep-pocket employer" would ultimately

12

be responsible for any damages caused by the employee. 2009 WL 1209034, at *3 (E.D. Va. May 1, 2009). Caliber argues that like Target in *Jones*, Caliber will ultimately be responsible for any judgment obtained in this case and therefore Colonial Heights' exclusion will not bar Plaintiff from obtaining complete relief. (ECF No. 27, at 8.)

Plaintiff contends that the third *Mayes* factor favors amendment because he could be subject to inconsistent judgments and waste resources in pursuing parallel suits in state and federal court. (ECF No. 25, at 10.) Plaintiff also counters Caliber's arguments by asserting that there has not been any discovery in this matter and "there are several variables which could render the landowner liable to Plaintiff" even if Colonial Heights and Caliber had a landlord-tenant relationship. (ECF No. 28, at 4.) Plaintiff argues that, under the purported lease, it is unclear whether landlord or tenant is responsible for the area where he fell. (*Id.*) Specifically, Plaintiff challenges whether the dumpster area falls within the "parking lot," which the lease assigns responsibility for to Colonial Heights, or under "all other portions of the Premises," which is assigned as Caliber's responsibility. (*Id.*) Further, Plaintiff asserts that there may be a disputed issue of fact regarding whether Plaintiff's fall occurred in an area under Caliber's exclusive control. (*Id.*) Plaintiff also contends that Colonial Heights' legal duty to keep the premises safe may not have been delegable and it is also unclear whether Colonial Heights made any negligent repairs in the area of the fall for which it would be liable. (*Id.* at 5.) Lastly, Plaintiff distinguishes this matter from the cases cited by Caliber. (*Id.*)

Analysis of the third *Mayes* factor also leans in favor of amendment and remand to avoid unnecessary prejudice to Plaintiff. As addressed above, Plaintiff has not engaged in any "self-inflicted . . . gamesmanship" to avoid federal jurisdiction. *Whitfield*, 2022 WL 2392465, at *5. Rather, Plaintiff promptly moved to add Crain as a diverse Defendant when he learned that Caliber

did not own the property shortly after Caliber removed the case in September 2023. Plaintiff then filed this Motion for Leave within twelve days of learning that Colonial Heights was the actual owner on January 11, 2022, not Crain. Furthermore, Colonial Heights is a key party with potentially significant liability for Plaintiff's damages resulting from the fall. Caliber properly cites Virginia common law that holds landlords not liable for injuries occurring on property under the exclusive control of a tenant. *See Isbell,* 644 S.E.2d at 74. However, Plaintiff raises several relevant potential arguments, including whether: (1) the area where he fell was not within Caliber's "exclusive control"; (2) the area properly falls under a lease provision pertaining to the "parking lot" or one pertaining to "other portions" of the property; and (3) Colonial Heights made negligent repairs in the area of the fall. (ECF No. 28, at 4-5.) At this stage in the case, prior to discovery, it is uncertain whether the record will reveal evidence to contradict Caliber's contention that the area was under its exclusive control and therefore only it, and not Colonial Heights, could be liable. Thus, Colonial Heights, the owner and landlord of the property where Plaintiff fell, could be liable for some or all of Plaintiff's damages and is a key party.

Furthermore, given the role that Colonial Heights may have played in Plaintiff's fall, a parallel suit in state court against Colonial Heights is all but a certainty if it is not joined as a defendant in this matter. If amendment is denied, Plaintiff would be prejudiced by having to litigate two separate suits in different jurisdictions for the same incident. Plaintiff would face the additional costs associated with multiple suits and may receive inconsistent results if one court were to find liability and award damages while the other did not. *See Tucker*, 584 F. Supp. 3d at 178. Additionally, as Plaintiff notes, the facts of this case are distinguishable from the cases cited by Caliber. In *McCaulley*, joinder of a nondiverse entity was denied because only one of five plaintiffs had a claim against that party. *See* 172 F. Supp. 2d at 810. Here, there is only one plaintiff, and he

may be able to obtain a substantial recovery from Colonial Heights if the evidence reveals that the area where he fell was not exclusively within Caliber's control or that Colonial Heights negligently repaired that area. In *Jones*, a nondiverse employee defendant was not joined because Target, "the deep-pocket employer," would ultimately be responsible for damages under respondeat superior. 2009 WL 1209034, at *3. In this matter, Colonial Heights is not an employee of Caliber. Rather, as landowner of the property, Colonial Heights may be liable in addition to, or even instead of, Caliber. In sum, the third *Mayes* factor supports Plaintiff's argument that he will be prejudiced if Colonial Heights is not joined and therefore amendment is appropriate.

### 4. Any Other Factors Bearing on the Equities.

The final *Mayes* factor requires this Court to consider "any other factors bearing on the equities." *Mayes*, 198 F.3d at 462. This factor incorporates considerations such as the use of judicial resources, the cost of separate suits, and the risk of inconsistent outcomes. *Tucker*, 584 F. Supp. 3d at 178. A diverse defendant's interest in having a suit heard in federal court and taking advantage of jury pools, depositions for summary judgment, and speedy trial rules also should be considered. *See Jones*, 2009 WL 1209034, at *3.

Caliber contends that its interest in having the suit heard in federal court should not be overridden by Plaintiff's desire for amendment and remand. (ECF No. 27, at 8-9.) Caliber asserts that this Court has found the use of depositions for summary judgment, speedy trial, and favorable jury pools to be "persuasive reasons" justifying a party's interest in litigating in federal court. (*Id.*) (citing *Jones*, 2009 WL 1209034, at *3). Caliber is confident in its position for summary judgment and plans to use depositions to support its arguments. (*Id.* at 9.)

Plaintiff asserts that the equities favor amendment and remand of the matter. (ECF No. 25, at 11.) Plaintiff counters Caliber's interest in having the suit heard in federal court by stating that

15

a "Virginia state court will provide a full and fair opportunity to resolve this legal dispute." (ECF No. 28, at 5.) Plaintiff notes that Virginia substantive law applies, making a Virginia state court "particularly well-suited to be the forum for this litigation." (*Id.* at 5-6.) Additionally, Plaintiff contends that he is "master of the complaint" and free to name all parties he reasonably believes are liable for his injuries. (*Id.* at 6) (citing *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 91 (2005)). Plaintiff argues that he has "no choice in determining which party or parties caused him injury, nor any say in the citizenship of such entities." (*Id.*)

Examination of this final *Mayes* factor does not reveal a drastic tilting of the balance of equities in favor of either Plaintiff or Caliber. The Court acknowledges Caliber's strong interest in litigating this case in federal court, where it can make use of procedural distinctions such as a federal jury pool and depositions on summary judgment. However, the undersigned is confident that the state court system provides an adequate and fair forum for this suit, particularly for adjudicating a case applying Virginia common law. The Court also recognizes the cost-saving benefits of litigating a single case concerning Plaintiff's fall rather than multiple suits in different courts. Both judicial and litigant resources will be conserved by joining Colonial Heights in this suit. Caliber may even benefit from the joinder of Colonial Heights if it is ultimately determined that Colonial Heights, rather than Caliber, is responsible for the fall and Plaintiff's alleged damages. Thus, while the Court does not find that this last factor substantially favors one party over another, in consideration with the other three *Mayes* factors, substitution of Colonial Heights for Crain and remand to state court is proper.

In sum, Plaintiff's amendment to substitute Colonial Heights for Crain as a Defendant is appropriate under Federal Rule of Civil Procedure 15(a)(2)'s highly permissive standard. Plaintiff's desired substitution of Colonial Heights is not futile, is not prejudicial to any opposing

16

party, and is not made in bad faith. Furthermore, although joinder of Colonial Heights defeats diversity jurisdiction and requires remand from Caliber's chosen federal forum to state court, application of the *Mayes* factors supports a grant of Plaintiff's Motion for Leave. The undersigned concludes that Plaintiff's purpose in joining Colonial Heights is to sue the proper party, not to defeat federal jurisdiction. Plaintiff moved promptly to amend upon discovering Colonial Heights, not Crain, was the proper party. Plaintiff would be prejudiced if Colonial Heights were not joined. Lastly, the equities of the matter do not so clearly weigh against joinder that the amendment should be denied. Therefore, the Court holds that Plaintiff's Motion for Leave shall be GRANTED, with Colonial Heights substituted for Crain as Defendant and the matter REMANDED to state court.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Leave (ECF No. 24) is hereby GRANTED. An appropriate Order REMANDING this matter to state court will accompany this Memorandum Opinion.

It is so ORDERED.

/s/ MRC
Mark R. Colombell
United States Magistrate Judge

Richmond, Virginia
Date: January 3, 2024